**Aleks CUKAJ, Linda Cukaj,**
**Petitioners,**

v.

**Alberto GONZALES, Attorney**
**General, Respondent.**

No. 05–6266–ag.

United States Court of Appeals,
Second Circuit.

May 22, 2007.

Aleksander Milch, New York, New York, for Petitioner.

Rosa Emilia Rodriguez Velez, United States Attorney, Nelson Perez–Sosa, Marcos E. Lopez, Assistant United States Attorneys, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Aleks and Linda Cukaj, citizens of Albania, seek review of an October 31, 2005, order of the BIA affirming the April 13, 2004, decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying the Cukajs' applications for asylum, and Aleks Cukaj's application for withholding of removal. *In re Aleks Cukaj/Linda Cukaj*, Nos. A78 689 963/964 (B.I.A. Oct. 31, 2005), *aff'g* Nos. A78 689 963/964 (Immig. Ct. N.Y. City Apr. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ As a preliminary matter, we lack jurisdiction to review the agency's decision

that the Cukajs failed to establish by clear and convincing evidence that their asylum application was filed within one year of their arrival pursuant to 8 U.S.C. § 1158(a)(2)(B). The Cukajs' argument to the contrary is "essentially a quarrel about fact-finding" over which we do not retain jurisdiction. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir.2006). As such, we dismiss the petition for review as to their asylum claim.

Notwithstanding our lack of jurisdiction as to the Cukajs' asylum claim, we proceed to review the denial of Aleks Cukaj's claim for withholding of removal.[1] *See Xiao Ji Chen*, 471 F.3d at 332 (stating that "eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)'s one-year bar and, accordingly, must be considered by the BIA regardless of the timeliness of the initial asylum request"). While the IJ noted that the record contained certain discrepancies in Cukaj's testimony and statements, she nevertheless found that he testified largely in conformity with his application. We assume, therefore, that the assertions made in Cukaj's testimony and affidavit constitute facts that are no longer in dispute.

██ The BIA found that the harm that Cukaj suffered did not rise to the level of past persecution. However, we have stated that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006); *see also Gjolaj v. B.C.I.S.*, 468 F.3d 140, 142 (2d Cir.2006). Here, Cukaj alleges harms that exceed the scope of mere harassment. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). He asserted that in 2000, he was stopped and beaten by men in police vests in connection with his cousin's role in exposing the government's involvement in a prostitution ring.[2] They beat and kicked him on his head and body, and then left him on the ground. In concluding that such treatment did not constitute persecution, it appears that the agency applied a more stringent standard than that announced in *Beskovic*. As such, remand is required so that the agency may evaluate the incident Cukaj describes in light of this standard for persecution.

The regulations provide that past persecution can be the basis for granting relief, and also creates a rebuttable presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). That presumption may be rebutted if, by a preponderance of the evidence, the Government shows that there has been a fundamental change in circumstances in the applicant's country to negate that well-founded fear.[3] *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, the IJ did not make an explicit finding of changed country conditions in Albania. Rather, she noted "in passing" that the Democratic Party, in which Cukaj claimed membership, was part of "the political structure of Albania," whose representatives were "in

---

1. We review only Aleks Cukaj's claim for withholding of removal, as his wife declined to apply for such relief.

2. In her decision, the IJ concluded that any mistreatment Cukaj suffered was on account of a protected ground. We do not disturb that finding.

3. The regulations also provide that the presumption of a well-founded fear may be rebutted by showing that the applicant could avoid persecution by relocating to another part of the country, and that it would be reasonable for him to do so. 8 C.F.R. § 1208.13(b)(1)(i)(B). The IJ did not make this finding.

**60**

parliament." For that reason, the IJ concluded that Cukaj's claim did not "comport[ ] with country conditions as have been shown in the record." While we have found that an IJ is not required to enter specific findings premised on record evidence when making a finding of changed country conditions, *see Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006), it is not clear in this case that the IJ made a finding of changed country conditions at all. Because we will not affirm the agency's decision based on reasoning not set forth therein, we do not construe the IJ's decision as having made a finding of changed country conditions. *See generally Cao He Lin,* 428 F.3d at 399.

Under these circumstances, we cannot confidently predict that the agency would reach the same conclusion absent these errors, and we thus remand this case. *See Xiao Ji Chen,* 471 F.3d at 339. Our holding should not be construed as a finding that Cukaj established past persecution. Rather, on remand, the agency should evaluate Cukaj's past persecution claim under the standard set forth in *Beskovic.* If he is found to have suffered past persecution, the agency should determine whether country conditions in Albania have fundamentally changed, rebutting any presumption of a well-founded fear of persecution.

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part, the BIA's order is VACATED and the case is REMANDED for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DISMISSED as moot. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).